| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS | |

United States District Court
Southern District of Texas
**ENTERED**
March 10, 2017
David J. Bradley, Clerk

| | | |
|---|---|---|
| Alex Zea, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| versus | § | Civil Action H-14-3290 |
| | § | |
| Ford Motor Company, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

   A consumer sues a car manufacturer. He says his car's engine cover broke because it was defective. The manufacturer says that the vehicle was improperly operated, causing the break. The consumer will take nothing.

2. *Background.*

   On August 13, 2013, Alex Zea bought a 2013 Ford Focus from Sterling McCall Ford. Two months later, he drove the car through a large pothole, bending the two right wheel rims and damaging the tires.

   On December 8, 2013, Zea's friend, Olga Lidia Mayorga, drove the car over a railroad crossing in a suburban neighborhood. The engine cover broke, and the engine dropped, damaging engine components and rendering the car inoperable.

   Zea sued Ford, on September 17, 2014, for breach of warranty and violations of the Texas Deceptive Trade Practices Act and Magnusson-Moss Warranty Act.

3. *Warranty.*

   Zea's claim for breach of express warranty fails because there was no warrantable defect in the engine cover. His claim for breach of implied warranty of merchantability also collapses because he has no facts indicating a defect in the part.

The warranty said that, if the car was properly operated and maintained, Ford would repair or replace parts on the car that malfunctioned or failed during normal use because of a manufacturing defect. A manufacturing defect is an unreasonably dangerous deviation from a product's specifications.[1] The engine cover did not, however, deviate from Ford's specifications.

Zea's engineer, Richard Tonda, Ph.D., P.E., complained about Ford's change, before production, of the material specification for the metal used in the engine cover. He conjectured that the change lowered the allowable stress level for the part, basing his assumption on the allowable stress to a different part – the motor mount – and not the engine cover. Without this assumption, Tonda admitted that the engine cover met Ford's specifications, so there was no manufacturing defect in the part.

Tonda also admitted that the way in which Mayorga drove over the railroad tracks undoubtedly exceeded the allowable stress level for the part that broke. Put simply, the way Mayorga drove was by itself enough to break the engine cover. The warranty does not cover misuse analogous to driving over curbs or racing. Mayorga's driving constitutes abuse because she exceeded the limits of the part and of reasonably safe driving. Zea has no claim for breach of express warranty.

In a claim for breach of implied warranty of merchantability, the good must have a defect making it unfit for ordinary purposes.[2] The ordinary purpose of a car is transportation, which the car provided for several months. The engine cover even remained intact after Zea's drive through a large pothole that bent two wheels and damaged their tires.

The failure of the part during the train track encounter is neither evidence of a defect nor evidence that the car was not merchantable. So long as the car performed adequately, as it had, no breach of an implied warranty was merited merely because the car did not perform as well as the buyer would like, or even as well as it could.[3] The part worked adequately until it was destroyed by the driver's excess.

The claims for breach of express or implied warranty fail.

4. *Consumer acts.*

Neither act creates an independent basis for liability; instead, each is parasitic on the express or implied warranty claims. Since Zea's claims on the warranties collapse, the claims under the acts do as well.

---

[1] The Torrington Co. v. Stutzman, 46 S.W.3d 829, 844 (Tex. 2000).
[2] See Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 444 (Tex. 1989).
[3] General Motors Corp. v. Brewer, 966 S.W.2d 56, 57 (Tex. 1998).

5. Conclusion.

No one in this suit suffered personal injury. First, Zea drove through a pothole and damaged the new car. In the next abuse, Mayorga drove over a railroad crossing and broke the engine cover. Tonda's speculations about the force load of the engine mount – not the engine cover – are the only evidence of a defect in the car. They do not prove anything about a defect. The cover met Ford's specifications, and Mayorga caused the part to break.

Zea will take nothing from Ford.

Signed on March 10, 2017, at Houston, Texas.

Lynn N. Hughes
United States District Judge